IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIKA JACOBS,<br><br>               Plaintiff,<br><br>vs.<br><br>TWIN CITIES DEVELOPMENT ASSOCIATION, INC., and KATY A. REICHERT, Defendants Attorney;<br><br>               Defendants. | **8:25CV549**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on a Complaint, Filing No. 1, and "Motion to Continue with the Same Pauperis Affidavit from Lower Court" (the "IFP Motion"), Filing No. 2, filed by Plaintiff Erika Jacobs on September 9, 2025. For the reasons explained below, the Court construes Plaintiff's Complaint as an invalid notice of removal, will remand this matter to state court, and will deny Plaintiff's IFP Motion as moot.

## I. BACKGROUND

      Plaintiff, a citizen of Missouri, brings this action seeking damages for breach of contract against Twin Cities Development Association, Inc., ("Twin Cities") a Nebraska corporation, and Twin Cities' attorney, Katy A. Reichert ("Reichert"), related to Plaintiff's leasing of an apartment in Gering, Nebraska, from Twin Cities. Plaintiff alleges Twin Cities failed to investigate and make repairs requested by Plaintiff to her master bedroom shower, which was emitting irritating fumes hazardous to Plaintiff's health, and failed to inspect or clean the apartment prior to Plaintiff moving into the apartment in August 2024. Plaintiff further alleges a Twin Cities employee defamed Plaintiff by sending police to her apartment on October 30, 2024,

based on a "false accusation that [Plaintiff] had mental issues," and a Twin Cities maintenance manager defamed Plaintiff to a pest control representative who came to spray Plaintiff's apartment at her request. Filing No. 1 at 6–7. Plaintiff is African-American and alleges the defamation and mistreatment she experienced were racially motivated and discriminatory. Filing No. 1 at 7, 18. Plaintiff alleges Twin Cities' conduct violated the "Nebraska Civil Rights Act of 1969[, Neb. Rev. Stat. §] 20-136, Nebraska Fair Housing Act[, Neb. Rev. Stat. §] 20-301, and Nebraska Revised [S]tatute [§] 76-1419." Filing No. 1 at 7.

Plaintiff filed her Complaint using the Form Pro Se 4 Complaint for a Civil Case Alleging Breach of Contract, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Plaintiff indicated in the Complaint's caption that she also seeks "[t]ransfer of case from District to Federal Court." Filing No. 1 at 1. Plaintiff attached to her Complaint a Notice of Transfer captioned in Case Number CI24-617 in the District Court of Scotts Bluff County, Nebraska (the "State Case"), which appears to inform the state district court that Plaintiff is moving the State Case to federal court due to the state district court judge's perceived bias in favor of Twin Cities. Filing No. 1 at 8–9. Plaintiff also attached a copy of an amended complaint submitted in the State Case on or about August 22, 2025. Filing No. 1 at 14–22. Plaintiff expressly states in her statement of claim that this case "is a transfer from the district court of Scottsbluff [sic], NE to Federal Court" and her claims in this Court are the same claims she raised in the State Case. Filing No. 1 at 6.

A review of the State Case court records, available to this Court online, shows Plaintiff filed a complaint against Twin Cities on November 14, 2024, she was given leave to proceed in forma pauperis, and filed an amended

2

complaint on February 18, 2025, essentially identical to the amended complaint attached to her present Complaint and which the state district court deemed the operative complaint on August 19, 2025. On August 28, 2025, the state district court held a hearing on Twin Cities' motion for summary judgment, at which the court received evidence, permitted Plaintiff to submit her amended complaint with additional documents, and directed both Reichert and Plaintiff to submit any written arguments to the court by September 5, 2025, at which time the matter would be taken under advisement. The State Case remains pending.[1]

## II. DISCUSSION

In her IFP Motion, Plaintiff seeks to proceed in forma pauperis ("IFP") in this Court pursuant to the same IFP affidavit she submitted and received approval for in the State Case. Filing No. 2. Assuming, without deciding that Plaintiff could proceed IFP here, the Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Though Plaintiff filed a form complaint for a breach of contract action based on diversity of citizenship jurisdiction, her additional caption of the complaint as a "[t]ransfer of case from District to Federal Court" and the allegations in her statement of claim clearly establish that Plaintiff seeks to remove her State Case to this Court. *See* Filing No. 1 at 1, 6. However,

---

[1] The Court takes judicial notice of the state court records related to this case in *Jacobs v. Twin Cities Development Association, Inc.*, Case No. CI24-617, District Court of Scotts Bluff County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

Plaintiff's purported removal of her State Case is invalid and this matter must be remanded to the state court.

Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "'It is clear beyond . . . a doubt that the right of removal is vested exclusively in defendants,' and that '[a] plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).'" *Brown v. Dawson*, No. 1:19-CV-5631, 2020 WL 9594411, at *2 (N.D. Ga. Feb. 6, 2020), *report and recommendation adopted*, No. 1:19-CV-5631, 2020 WL 9594363 (N.D. Ga. Mar. 13, 2020) (quoting *Geiger v. Arctco Enters, Inc.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996)); *see also Untracht v. Fikri*, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006) ("Removal by a plaintiff is not permitted because the plaintiff had the original choice of forum."), *aff'd*, 249 F. App'x 268 (3d Cir. 2007).

As "[t]here is no federal law authorizing plaintiff to remove [her] state court action to federal court," *Fonder v. S. Dakota*, No. 1:21-CV-01023-CBK, 2021 WL 4710781, at *3 (D.S.D. Oct. 8, 2021), her purported transfer of the State Case to this Court is invalid. The Court will therefore summarily remand this matter back to the District Court of Scotts Bluff County, Nebraska, and deny Plaintiff's IFP Motion as moot.[2]

---

[2] The Court notes that, to the extent Plaintiff sought to file a complaint against Twin Cities' attorney, Reichert, Plaintiff makes no allegations against Reichert in her Complaint and, thus, fails to state a claim upon which relief may be granted against Reichert. *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint, construed as a request to remove the State Case to this Court is denied, and the case is remanded to the District Court of Scotts Bluff County, Nebraska.

2. The pending IFP Motion, Filing No. 2, is denied as moot.

3. Judgment shall be entered by separate document, and the Clerk of the Court shall close this file for statistical purposes.

4. The Clerk of the Court shall send a certified copy of this Memorandum and Order and of the Judgment to the Clerk of the District Court of Scotts Bluff County, Nebraska.

Dated this 22nd day of September, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge