IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ERIKA JACOBS,

          Plaintiff,

    vs.

TWIN CITIES DEVELOPMENT
ASSOCIATION, INC., and KATY A.
REICHERT, Defendants Attorney;

          Defendants.

**8:25CV549**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Erika Jacobs' motion asking for my recusal. Filing No. 7. Also before the Court is Plaintiff's motion objecting to the Court's September 22, 2025, Judgment, which the Court liberally construes as a motion for reconsideration, Filing No. 8, and her motion requesting review of her motion for reconsideration, Filing No. 9, which she filed along with a duplicate of her motion for reconsideration, *see* Filing No. 10. For the reasons that follow, Plaintiff's motions for recusal and for reconsideration will be denied, and her motion requesting review and her duplicate motion for reconsideration will be denied as moot.

## I. MOTION TO RECUSE

Plaintiff seeks my recusal claiming that my decision to deny her request to remove her state civil case from the District Court of Scotts Bluff County, Nebraska, to this Court was "unethical," and she asks that her request be reviewed by the Chief Judge. Filing No. 7. However, Plaintiff's disagreement with the Court's September 22, 2025, ruling, *see* Filing Nos. 5 & 6, does not support my disqualification nor does it require review by another judge.

Pursuant to 28 U.S.C. § 144,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Plaintiff's motion to recuse does not qualify as an "affidavit" within the meaning of § 144, and her allegations here are insufficient to demonstrate personal bias or prejudice.

To support judicial disqualification, a legally sufficient affidavit must allege bias or prejudice, and such bias or prejudice must stem from an extrajudicial source. *United States v. Faul*, 748 F.2d 1204, 1211 (8th Cir. 1984). That is, "bias or prejudice" doesn't include opinions held by judges acquired in the course of the proceedings, nor does it include opinions held as a result of what judges learned in earlier proceedings. *Liteky v. United States*, 510 U.S. 540, 551 (1994). A party isn't entitled to recusal even when a judge is ill-disposed toward him, where the judge's knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings. *In re Steward*, 828 F.3d 672, 682 (8th Cir. 2016); *see United States v. Rubashkin*, 655 F.3d 849, 858 (8th Cir. 2011). And judicial rulings rarely establish a valid basis for recusal. *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013).

Here, Plaintiff's accusations are substantiated only by this Court's unfavorable ruling in the September 22, 2025, Memorandum and Order and Judgment, which is neither extrajudicial nor indicative of bias. *See United States v. Larsen*, 427 F.3d 1091, 1095 (8th Cir. 2005); *see also United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014). Accordingly, Plaintiff's motion to recuse is denied.

## II. MOTION FOR RECONSIDERATION

On October 20, 2025, Plaintiff filed a "Motion to Object," which the Court construes as a motion for reconsideration. Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure she is relying upon in making the motion, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1] *See Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988)*. But whichever rule is applied, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006)*. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion was timely filed on October 20, 2025.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Liberally construed, Plaintiff asks the court to reconsider its September 22, 2025, Memorandum and Order and Judgment, Filing Nos. 5 & 6, denying Plaintiff's request to remove her state case to this Court and remanding the case back to the District Court of Scotts Bluff County, Nebraska, because, Plaintiff argues, she "has a right to transfer her case to federal court," "[t]he judge presented no reason as to why this case should not be docketed other than appeal[, and] [t]his is not an appeal,"[2] and "[t]he federal court has jurisdiction." Filing No. 8. However, as the Court explained in its previous Memorandum and Order, only *defendants* have the right to remove a case from state court to federal court. *See* Filing No. 5 at 4. Assuming she could have established this Court's federal subject matter jurisdiction, Plaintiff may have been able to initially file her claims against the defendants in this Court, but *she chose to file first in state court*. And, once she made the choice to file her case in the state district court, "[t]here is no federal law authorizing plaintiff to remove [her] state court action to federal court." *Fonder v. S. Dakota*, No. 1:21-CV-01023-CBK, 2021 WL 4710781, at *3 (D.S.D. Oct. 8, 2021). Plaintiff's arguments to the contrary have no merit.

Accordingly, upon consideration of Plaintiff's motion, the Court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the Court's judgment of

---

[2] The Court notes that Plaintiff's statements regarding this case apparently being docketed as an appeal suggest some misunderstanding on her part of the "Notice-Civil Appeals in Pro Se Cases" informational sheet attached to the Court's judgment. *See* Filing No. 8 at 4. The Court did not docket, nor consider, this case as an appeal of the state court case. Rather, the "Notice" regarding civil appeals in pro se cases was attached to the Court's judgment to inform Plaintiff of the relevant deadlines and rules if she wanted to appeal *this* Court's judgment denying her request for removal to the Eighth Circuit Court of Appeals.

dismissal. She has not shown that the dismissal was the result of manifest error of law or fact nor has she presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the Court's judgment under Rule 59(e) or Rule 60(b), and her motion for reconsideration is denied.

In light of the Court's ruling and statements in Plaintiff's motion that suggest some misunderstanding on her part regarding the "Notice" related to civil appeals in pro se cases, *see* footnote 2, *supra*, the Court takes this opportunity to inform Plaintiff that if she wishes to appeal this Court's judgment to the Eighth Circuit Court of Appeals, then she must file a notice of appeal within 30 days of the date of this order. *See* Fed. R. App. P. 4(a)(4)(A) (If a party files a motion to alter or amend the judgment under Rule 59, the time to file an appeal runs from the entry of the order disposing of the motion.).

## III. REMAINING MOTIONS

Because the Court has considered and denied Plaintiff's motion to recuse and motion for reconsideration, Plaintiff's motion requesting review of her motions and her duplicate motion for reconsideration filed on December 16, 2025, are denied as moot.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's motion to recuse, Filing No. 7, is denied.

2.      Plaintiff's motion to object, construed as a motion for reconsideration under Rule 59(e) and Rule 60(b), Filing No. 8, is denied.

3.      Plaintiff's motion for review, Filing No. 9, and duplicate motion for reconsideration, Filing No. 10, are denied as moot.

Dated this 28th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge